Singleton, Judge:
This claim was filed December 19, 1966, before the Attorney General of West Virginia and was set down for the taking of evidence before this Court November 1, 1967.
Claimant on behalf of the infant claimant alleges that on or about the 20th day of December, 1964, infant claimant was admitted to Welch Emergency Hospital for a fracture of her *29 right arm or elbow; that her arm was put into a sling and she was released; that approximately nine days later her arm was encased in a cast at Stevens Clinic Hospital in Welch, West Virginia, and that during the healing of her arm a large lump or knot was formed, requiring in 1967 a surgical open reduction of this fracture performed at the Crippled Childrens Clinic in Charleston, West Virginia, and that all of this difficulty, injury and disfigurement was due to the negligence of Dr. George Riberio and the Welch Emergency Hospital in initially treating her injured arm; and damages are sought for her in the amount of Ten Thousand Dollars ($10,000.00).
The evidence adduced at the hearing from the hospital records reflects that Teresa Ann Short was admitted on December 20, 1964, at 3:35 P.M. and that her mother advised that she had injured her right elbow while playing. Dr. Gomez admitted her to the hospital with a diagnosis of possible fracture and x-rays were taken on the morning of December 21.
Her arm was put in a sling as soon as she was admitted to the hospital and ice compresses applied to the arm to reduce the swelling. The x-rays taken of the infant’s arm the next morning, also exhibited at the hearing and examined by Dr. Riberio and the Court show a small supracondylar fracture of the lateral aspect of the humerus with the bones in good position. The evidence further discloses that the arm was not put into a cast but continued to be treated in a sling; and it was shown by Dr. Riberio’s testimony that it was the customary and usual treatment for this type of fracture for a four year old infant, inasmuch as their healing ability is excellent, and that a cast was not recommended. The hospital records as introduced into evidence further disclosed that the patient was taken from the hospital on December 22, without being discharged or released; that she was again brought to the hospital on December 28, when the patient was again examined by Dr. Gomez, his notes reflecting there was still some swelling over the elbow and requesting that the patient be returned in one week. The evidence further discloses that Mrs. Short did not return her daughter to the Welch Emergency Hospital at any subsequent time, but that on or about January 4, 1965, she took Teresa Ann Short to the Stevens Clinic where her arm was again x-rayed and then placed in a cast by Dr. J. Hunter Smith. The reports *30 of the x-rays made at Stevens Clinic on January 4, 7, 8, 28 and May 23,1967, were not presented at the time of hearing but were subsequently presented by the counsel for the claimant after inspection by the Attorney General to the Court for its consideration.
The only witness for the claimant was the mother. No medical by Dr. Riberio’s testimony that it was the customary and usual x-ray reports submitted subsequent to the hearing. Dr. Riberio testified on behalf of respondent, testifying from the x-rays taken of claimant’s arm and from the hospital records.
Claimant has alleged negligent treatment on the part of Dr. George Riberio and Welch Emergency Hospital and this negligence is the sole ground for any recovery that she might be entitled to. Viewing all of the evidence in its most favorable aspect regarding claimant, this Court unfortunately can find no direct evidence that the non-union of claimant’s fracture was proximately caused by the negligence of Welch Emergency Hospital. Under the evidence in this proceeding this non-union of claimant’s fracture and its failure to heal properly could just as well have been caused by the cast applied at Stevens Clinic on January 4, 1965.
This Court, therefore, finds that the claimant has failed to prove by a preponderance of the evidence the justness and merit of her claim based on negligent treatment at Welch Emergency Hospital, and it accordingly is the opinion of this Court that this claim must be and it is hereby denied.